**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Athans, Jr., | No. CV 06-2433-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Federal Bureau of Investigation, United States Department of Justice, | |
| Defendants. | |

Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 5). Plaintiff has filed a Response (Doc. 7) and Defendants have filed a Reply (Doc. 9). Plaintiff has also filed a Motion to Amend his Complaint (Doc. 8), a Motion for Judicial Review (Doc. 6), and a Motion for a Court Order to Seize Evidence (Doc. 10). The Court considers the papers submitted and issues the following Order.

BACKGROUND

Plaintiff James Athans, Jr., proceeding *pro se*, commenced this action on September 5, 2006 in Maricopa County Superior Court. Plaintiff's Complaint alleges obstruction of justice, slander, libel, personal endangerment, attempted murder, illegal wire tapping, doping of Plaintiff's meals "at restaurants and coffee shops around [the] city" (Pla. Comp. at ¶ 2-4, 6), and unlawful surveillance. For these claims, Plaintiff demands one billion dollars

1  ($1,000,000,000) in compensatory damages and five hundred million ($500,000,000) in
2  punitive damages. Defendants, the Federal Bureau of Investigation ("F.B.I.") and the United
3  States Department of Justice, removed the action to this Court on October 12, 2006.
4        On November 13, 2006, Defendants filed a Motion to Dismiss, pursuant to Rule
5  12(b)(1), Fed.R.Civ.P., alleging that this Court lacks jurisdiction because Plaintiff failed to
6  exhaust his administrative remedies with regard to his claims of slander, libel, personal
7  endangerment, attempted murder, and "doping." Further, Defendants allege, pursuant to
8  Rule 12(b)(6), Fed.R.Civ.P., that Plaintiff fail to state a claim upon which relief can be
9  granted with regard to his claims of obstruction of justice, illegal wire tapping, and unlawful
10 surveillance. Plaintiff then filed a Motion to Amend his Complaint in an effort to overcome
11 Defendants' Motion to Dismiss.

12                                 LEGAL STANDARD

13       Rule 12(b)(1) of the Federal Rules of Civil Procedure allows this Court to dismiss a
14 claim for lack of jurisdiction. "It is a fundamental principle that federal courts are courts of
15 limited jurisdiction." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).
16 Thus, the plaintiff bears the burden of establishing subject matter jurisdiction. Scott v.
17 Breeland, 792 F.2d 925, 927 (9th Cir. 1986). When a defendant challenges the factual
18 existence of jurisdiction, as opposed to the sufficiency of the allegations in the complaint, the
19 Court may properly consider facts outside of the complaint, can evaluate disputed facts to
20 determine jurisdiction, and need not assume the truthfulness of the allegations in the
21 complaint. Doe v. Schacter, 804 F.Supp. 53, 56 (N.D.Cal. 1992), citing Thornhill Pub. v.
22 General Tel. & Elec. Corp., 594 F.2d 730, 733-35 (9th Cir. 1979). However, "where the
23 jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction
24 is dependent on the resolution of factual issues going to the merits, the jurisdictional
25 determination should await a determination of the relevant facts on either a motion going to
26 the merits or at trial." Doe, 804 F.Supp. at 57.

27       A motion to dismiss for failure to state a claim will be denied unless it is "clear that
28 no relief could be granted under any set of facts that could be proved consistent with the

- 2 -

1 allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing
2 Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). A complaint must contain a "short and
3 plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).
4 "Each averment of a pleading shall be simple, concise, and direct. No technical forms of
5 pleading or motions are required." Fed.R.Civ.P. 8(e). In all averments of fraud or mistake,
6 however, the circumstances constituting fraud or mistake must be stated with particularity.
7 Fed.R.Civ.P. 9(b). The allegations must be "specific enough to give defendants notice of the
8 particular misconduct which is alleged to constitute the fraud charged so that they can defend
9 against the charge and not just deny that they have done anything wrong." Semegen v.
10 Weidner, 780 F .2d 727, 731 (9th Cir. 1985). These rules "do not require a claimant to set out
11 in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a
12 short and plain statement of the claim' that will give the defendant fair notice of what the
13 plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47
14 (1957).

## DISCUSSION

I. THIS COURT'S JURISDICTION OVER PLAINTIFF'S COMPLAINT

17    Defendants assert that the Court lacks jurisdiction over Plaintiff's claims of slander,
18 libel, personal endangerment, attempted murder, and "doping" of Plaintiff's meals "at
19 restaurants and coffee shops around [the] city" (Pla. Comp. at ¶ 2-4, 6) because Plaintiff did
20 not exhaust his administrative remedies because he did not present his allegations to the
21 F.B.I. prior to filing suit.

22    "The terms of the United States' consent to be sued in any court define that court's
23 jurisdiction to entertain the suit." Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995)
24 (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)). Although the Federal Tort Claims Act
25 waives the sovereign immunity of the United States for actions in tort, the Act provides that
26 no suit shall be instituted under the Act "unless the claimant shall have first presented the
27 claim to the appropriate Federal agency and his claim shall have been finally denied by the
28 agency in writing" or the agency fails to make a final disposition of the claim within six

months after it was filed. 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a jurisdictional prerequisite to an FTCA suit in federal court. Bruns v. National Credit Union Admin., 122 F.3d 1251, 1254 (9th Cir. 1997); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).

Plaintiff does not dispute Defendants' assertion that he failed to exhaust his administrative remedies with regard to the above-mentioned claims. Instead, Plaintiff states as follows:

> As to the Defendant's claim that this Plaintiff failed to exhaust the appropriate administrative remedies . . . the evidence that [Plaintiff] includes of the Defendant's misconduct during the service process should level some credence to the claim of Defendant's misconduct during Plaintiff's attempts to first exhaust such remedies.

Pla. Resp. at 2. However, Plaintiff's assertion is not compelling. Regardless of any alleged misconduct by Defendants during service of process, Plaintiff has failed to meet his burden of establishing that he exhausted his administrative remedies, which required Plaintiff to file an administrative claim with the F.B.I. or the Justice Department regarding the allegations in his Complaint before he filed the instant lawsuit. Plaintiff has not met his burden of proof under Rule 12(b)(1), Fed.R.Civ.P. Accordingly, Defendants' Motion to Dismiss is granted with regard to Plaintiff's claims of slander, libel, personal endangerment, attempted murder, and "doping."

II.     FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants move to dismiss Plaintiff's claims of obstruction of justice, illegal wire tapping, and unlawful surveillance, pursuant to Rule 12(b)(6), Fed.R.Civ.P., arguing that Plaintiff cannot bring these claims against the United States because the United States has never waived its sovereign immunity to constitutional torts. Hooker v. U.S. Dept. of Health and Human Services, 858 F.2d 525, 526 n.1 (9th Cir. 1988).

The Federal Tort Claims Act (FTCA) is the exclusive jurisdictional basis for tort damage type lawsuits against the United States. The FTCA does not include a waiver of sovereign immunity for constitutional tort claims. Cato v. United States, 70 F.3d 1103, 1111

- 4 -

1 (9th Cir. 1995). The FTCA does not include a waiver of sovereign immunity for claims based
2 on breaches of federal statutes, which cannot be remedied under the FTCA. Roundtree v.
3 United States, 40 F.3d 1036, 1038 (9th Cir. 1994); Delta Savings Bank v. U.S., 265 F.3d
4 1017, 1024-27 (9th Cir. 2001), cert. denied Kim v. United States, 435 U.S. 1082 (2002). Such
5 a waiver "cannot be implied but must be unequivocally expressed." United States v.
6 Mitchell, 445 U.S. 535, 538 (1980).

7 The Court construes Plaintiff's claims of obstruction of justice, illegal wire tapping,
8 and unlawful surveillance as constitutional torts. As such, these claims cannot be brought
9 against the F.B.I. or the Department of Justice. Accordingly, Defendants' Motion to Dismiss
10 Plaintiff's claims of obstruction of justice, illegal wire tapping, and unlawful surveillance are
11 dismissed.

12 III.   PLAINTIFF'S REQUEST TO AMEND HIS COMPLAINT

13 Plaintiff seeks leave of the Court to amend his Complaint to include "factual
14 accounting" of the events underlying his claims. Pla. Resp. at 3. However, Plaintiff has
15 provided no indication that he could amend his Complaint in a manner that would overcome
16 a Motion to Dismiss. Accordingly, Plaintiff's request for leave to amend his Complaint is
17 denied. See Rutman Wine Co. v. E&J Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987) (a
18 court may properly deny leave to amend where a proposed amendment would be futile).

19 CONCLUSION

20 For the foregoing reasons,

21 IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 5) is granted in its
22 entirety. This action is hereby dismissed.

23 IT IS FURTHER ORDERED that Plaintiff's Motion to Amend his Complaint (Doc.
24 8) is denied.

25 IT IS FURTHER ORDERED that Plaintiff's Motion for Judicial Review of
26 Misconduct by the Defendants During Process of Service (Doc. 6) is denied as moot.

27 IT IS FURTHER ORDERED that Plaintiff's Motion for Court Order to Seize
28 Evidence (Doc. 10) is denied as moot.

IT IS FURTHER ORDERED that the Clerk shall terminate this action.

DATED this 3rd day of August, 2007.

_____
Mary H. Murguia
United States District Judge